# www.wvcircuitexpress.com 

[ Search Again ]  [ Log Out ]

Civil
Case Information
Fifth Judicial Circuit of Jackson County

14-C-105
Judge: THOMAS C. EVANS, III
MARK L. STARCHER, ET ALS VS. BOB EVANS FARMS, LLC

**Plaintiff(s) - (If Name is blue then point to name for additional information)**  **Plaintiff Attorney(s)**

BALL, JACOB DWAYNE STARCHER, ANN R. STARCHER, HAROLD E. STARCHER, MARK L. STARCHER, VIRGINIA J.   UNKNOWN

**Defendant(s) - (If Name is blue then point to name for additonal information)**  **Defendant Attorney(s)**

BOB EVANS FARMS, LLC   N/A

**Case Information:**
Date Filed: 10/03/2014
Case Type: PERSONAL INJURY

**Events:**

| LINE | DATE | ACTION / RESULT | Document |
|---|---|---|---|
| 1 | 10/03/2014 | CASE FILED | View Document |
| 2 | 10/03/2014 | COMPLAINT FILED (SK) | View Document |
| 3 | 10/03/2014 | SUMMONS & COMPLAINT RETURNED TO ATTY BUCCI FOR SERVICE THRU SEC | View Document |
| 4 |  | OF STATE (SK) | |

www.wvcircuitexpress.com

AMENDED CIVIL CASE INFORMATION STATEMENT -CIVIL CASES
IN THE CIRCUIT COURT OF JACKSON COUNTY, WEST VIRGINIA

## I. CASE STYLE:

MARK L. STARCHER, as Executor of the
Estate of HAROLD E. STARCHER, and
ANN R. STARCHER, as Executrix of the
Estate of VIRGINIA J. STARCHER
JACOB DWAYNE BALL

       Plaintiffs,

v.

BOB EVANS FARMS, LLC
an Ohio corporation
CT Corporation System
5400 D Big Tyler Rd.
Charleston, WV 25313

       Defendant.

Civil Action No: 14-C- 105

Judge: Thomas C. Evans

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |

RECORDED 2014 OCT -3 AM 10:06
BRUCE W. DEWEES
JACKSON COUNTY
CIRCUIT CLERK
RIPLEY, WV 25271

Original and two (2) copies of Complaint furnished herewith.

**PLAINTIFF:** MARK L. STARCHER, as Executor of the Estate of HAROLD E. STARCHER, and ANN R. STARCHER, as Executrix of the Estate of VIRGINIA J. STARCHER
**DEFENDANT:** BOB EVANS FARMS, LLC

II.   TYPE OF CASE: **Personal Injury**
III.  JURY DEMAND: **YES**
     CASE WILL BE READY FOR TRIAL BY: **October 2015**
IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? **NO**

**ATTORNEY NAME:**

/s/ [signature]

Dated: 10-2-14

Guy R. Bucci, (WV State Bar #521)
BUCCI BAILEY & JAVINS L.C.
213 Hale Street
Charleston, West Virginia 25337

## IN THE CIRCIUT COURT OF JACKSON COUNTY, WEST VIRGINIA

MARK L. STARCHER, as Executor of the
Estate of HAROLD E. STARCHER, and
ANN R. STARCHER, as Executrix of the
Estate of VIRGINIA J. STARCHER

        Plaintiffs,

v.                                   CIVIL ACTION NO.:14-C-_105_

BOB EVANS FARMS, LLC,
an Ohio corporation,

        Defendant.

## COMPLAINT

For this Complaint against the defendant, the plaintiffs allege and state as follows:

1. That the plaintiffs, Mark L. Starcher is the executor of the estate of Harold E. Starcher and Ann R. Starcher is the executrix of the estate of Virginia J. Starcher (hereinafter "Mr. and Mrs. Starcher.") Mr. and Mrs. Starcher, an elderly couple, had been married for 60 years and were citizens and residents of Ripley, Jackson County, West Virginia.

2. That the defendant Bob Evans Farms, LLC. (hereinafter "Bob Evans") is an Ohio Corporation licensed to do business in West Virginia and doing business in West Virginia and is a well-known food franchise for its breakfasts as well as its dinner meals, including its meatloaf dinner. Bob Evans is a foreign corporation who has operated restaurants throughout many states and in the State of West Virginia. More particularly defendant operates a restaurant near Carter Point, Ripley, Jackson County, West Virginia.

3. That on or about October 12, 2012, between 4:30 p.m. and 5:00 p.m., Mr. and Mrs. Starcher shared a take-out meal from the Bob Evans, Ripley, West Virginia location.

4. That before consuming the take-out meal from Bob Evans, neither Mr. nor Mrs. Starcher felt nauseous or ill.

5. That Mr. and Mrs. Starcher's meal from Bob Evans consisted of meatloaf, mashed potatoes and gravy, broccoli and a roll (the "tainted meal") and that the tainted meal was consumed and shared by Mr. and Mrs. Starcher as soon as Mr. Starcher returned home with it.

6. That when Mr. Starcher ordered the tainted meal from Bob Evans on October 12, 2012, and when Mr. and Mrs. Starcher consumed the tainted meal, he relied upon Bob Evans to prepare and serve food that was unaltered and safe to consume and that Mr. and Mrs. Starcher did not reasonably expect that the tainted meal ordered at Bob Evans on October 12, 2012, would make them ill.

7. That approximately nine hours after consuming part of the tainted meal from Bob Evans at or about 2:00 a.m. on October 13, 2012, Mrs. Starcher fell violently ill, including nausea, vomiting, and diarrhea. Shortly after, Mr. Starcher also became violently ill but was able to call 911 for ambulance transport for both he and Mrs. Starcher to Jackson General Hospital's emergency room.

8. That Mr. and Mrs. Starcher both had to be taken to Jackson General Hospital's emergency room in ambulances.

9. That during the period of time between consuming the tainted meal from Bob Evans and being transported to the hospital, no food, drink, or medication was consumed by Mr. or Mrs. Starcher other than water.

10. That on or about October 13, 2012, Mr. and Mrs. Starcher were told by the staff at Jackson General Hospital that they had suffered from food poisoning from consuming the tainted meal from Bob Evans. Both Mr. and Mrs. Starcher received intravenous fluids and medication to stop the nausea, vomiting and diarrhea.

11. That on or about October 13, 2012, Mr. Starcher suffered a stroke after becoming violently ill from consuming the tainted meal from Bob Evans.

12. That approximately six years prior to eating this meal at Bob Evans, Mrs. Starcher had suffered a disabling stroke and had also been diagnosed with a large mass in her colon for which she received blood transfusions to address anemia from loss of blood. Consequently, Mr. Starcher became her principal caregiver as needed at night and during the weekend.

13. That after Mr. Starcher was released from Jackson General Hospital, on or around October 19, 2012, he was admitted to Elder Care in Ripley, WV for physical rehabilitation as a consequence resulting from his October 13, 2012 stroke.

14. Mrs. Starcher moved into a room at Elder Care in Ripley, West Virginia on or about October 22, 2012, so that she could be with her husband while he underwent physical rehabilitation for his stroke, until sometime in early November, 2012. At such time, she was transferred to Hubbard Hospice House in Charleston, West Virginia, where she passed away on December 19, 2012.

15. That Mr. and Mrs. Starcher's hospitalization, medical care, treatment, and medications exceeded $250,000.00.

16. That Mr. and Mrs. Starcher's food poisoning was severe and disabling and caused both of them discomfort, inconvenience, pain, suffering, emotional distress, mental anguish, and loss of ability to enjoy life.

17. That due to the severity of Mr. Starcher's illness from consuming the tainted meal, Mr. Starcher became weakened causing his health to rapidly deteriorate. On December 13, 2012, Mr. Starcher ultimately was transferred to the Intensive Care Unit at Charleston Area Medical Center, Memorial Division, where he was diagnosed with a heart valve infection and where he

underwent open heart surgery on December 26, 2013. He remained hospitalized until late April, 2013, when he was sent home with hospice. He passed away on May 6, 2013.

18. That both Mr. and Mrs. Starchers' illnesses from consuming the Bob Evans meal exacerbated their medical conditions and caused their health to rapidly deteriorate.

19. That the acts of the defendant described herein were done willfully without good cause or justification or with reckless and or negligent disregard of the great likelihood that such injury would result.

20. That such actions injured Mr. and Mrs. Starcher emotionally which resulted in lost sleep, disturbance of physical condition, extreme anxiety and rapid deterioration of health with consequential death - all requiring the attention of qualified medical personnel.

21. That the tainted meal was the last meal shared by Mr. and Mrs. Starcher in their home together after sixty years of marriage.

22. That Mr. Starcher was still working and operating his business at the time he consumed the tainted meal.

23. That both Mr. and Mrs. Starcher had lived in Ripley, West Virginia for over forty years and were active citizens of their community.

24. That the defendant is well known for the promotion, advertising, and sales of its food and beverage products and as such it guarantees, promises and warrants the safety of its food products and its wholesomeness and fitness for human consumption and it breached the same by selling Mr. Starcher an unsafe food product which was not wholesome and fit to consume and caused serious injury to Mr. and Mrs. Starcher as alleged herein.

25. That the defendant as the seller of food products is responsible for the safety, wholesomeness and fitness of such food products and is strictly liable for injury or harm to

Harold Starcher and Virginia J. Starcher cause by unsafe, unwholesome or unfit food products which were sold to them who consumed same.

Wherefore, the plaintiff demands judgment against the defendant in an amount to be determined by a jury in accordance with the law of the State of West Virginia together with pre-judgment and post-judgment interest and costs and attorney fees.

PLAINTIFF DEMANDS A JURY TRIAL.

        MARK L. STARCHER, as the Executor
of the Estate of HAROLD E. STARCHER, and
ANN R. STARCHER, as the Executrix
of the Estate of VIRGINIA J. STARCHER
By Counsel

_____
Guy R. Bucci, Esquire (WVSB No. 0521)
BUCCI, BAILEY & JAVICSX, L.C.
P. O. Box 3712
Charleston, WV 25337
(304) 345-0346

BRUCE W. DEWEES
JACKSON COUNTY
CIRCUIT CLERK
RIPLEY, WV 25271

2014 OCT -3 AM 10:05
RECORDED

# SUMMONS
## IN THE CIRCIUT COURT OF JACKSON COUNTY, WEST VIRGINIA

MARK L. STARCHER, as Executor of the
Estate of HAROLD E. STARCHER, and
ANN R. STARCHER, as Executrix of the
Estate of VIRGINIA J. STARCHER

    Plaintiffs,

v.                                                           CIVIL ACTION NO.:14-C- 105

BOB EVANS FARMS, LLC,
an Ohio corporation,

    Defendant.

To the above-named Defendant:     **BOB EVANS FARMS, LLC**
                                                **an Ohio corporation**
                                                **CT Corporation System**
                                                **5400 D Big Tyler Rd.**
                                                **Charleston, WV 25313**

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon BUCCI BAILEY & JAVINS, L. C., plaintiff's attorney, whose address is Post Office Box 3712, Charleston, West Virginia, 25337, an answer or response, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer or response within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: October 3, 2014                                                                 Bruce W. Dellkes
                                                                                        Clerk of the Court